IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HEATHER M. DELGADO, | § | |
| | § | No. 86, 2017 |
| Defendant/Counterclaim | § | |
| Plaintiff Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Court of Chancery |
| | § | of the State of Delaware |
| MAURICE A. MOSLEY, | § | C.A. No. 7830 |
| | § | |
| Plaintiff/Counterclaim | § | |
| Defendant Below- | § | |
| Appellee. | § | |

Submitted: October 13, 2017
Decided: December 11, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 11th day of December 2017, upon consideration of the appellant's

opening brief[1] and the record on appeal, it appears to the Court that:

(1)     The appellant, Heather M. Delgado, filed this appeal from the

Court of Chancery's post-trial bench decision and order denying her motion

for reargument.  After a one-day trial, the Court of Chancery denied appellee

Maurice A. Mosley's claim for rescission of a deed and granted Delgado's

---

[1] The appellee, Maurice Mosley, filed a *pro se* answering brief on August 14, 2017.  His answering brief did not address any of the issues raised in the opening brief but, instead, challenged the Court of Chancery's denial of his claim for rescission, which he failed to appeal.  Thus, upon the appellant's motion, the Court ordered that Mosley's answering brief be stricken.

counterclaim for partition of the real property at issue. The Court of Chancery concluded that Delgado held a 25% interest in the property and Mosley held a 75% interest. After careful consideration of Delgado's arguments on appeal and the record below, we find no error and affirm the Court of Chancery's judgment.

(2) The record reflects that the parties were involved in a romantic relationship between 2001 and 2011. They are the parents of one child together. The real property in dispute was purchased by Mosley in 1984. He lived in a trailer on the property and operated his plumbing business there. After Delgado moved in with him, she used equity from another property that she owned to obtain a loan in her sole name to fund improvements to Mosley's property. Mosley performed or assisted with much of the construction work himself.

(3) In 2011, Delgado found a form quitclaim deed on the internet. The parties completed the form by hand, deeding the property from Mosley to both Mosley and Delgado. The form deed did not specify the parties' respective ownership interests in the property. The deed was executed on September 29, 2011 in the presence of a notary and was later recorded. A few months later, the parties had a falling out, and Delgado filed for and received a Protection from Abuse Order barring Mosley from the property.

2

(4) In 2012, Mosley filed a complaint in the Court of Chancery alleging, among other things, that his signature on the quitclaim deed was forged. Delgado answered the complaint and filed a counterclaim for partition of the property. Nearly two years later, after retaining new counsel, Delgado was permitted to amend her answer and counterclaim, requesting either a partition of the real property or the imposition of a constructive trust over the property and the plumbing business. After a one-day trial on October 26, 2016, the Court of Chancery reserved judgment and allowed the parties to present post-trial arguments.

(5) Following post-trial arguments on November 22, 2016, the Court of Chancery issued its ruling from the bench. The trial court concluded that Mosley had not presented clear and convincing evidence of fraud to justify rescission of the deed. Although the deed did not specify how the title was to be held, the trial court noted that the parties were presumed to hold the title as tenants in common and that, as tenants in common, the parties were presumed to be equal co-owners. Nonetheless, the trial court concluded that the presumption of 50/50 ownership in this case had been rebutted and that, in light of the parties' unequal contributions to the value of the property, Mosley retained a 75% interest in the property and Delgado held a 25% interest in the property. The trial court found that the deed was not a romantic gift from

3

Mosley to Delgado, but was intended to protect Delgado's financial investment in the property. The court found that the property was worth about $200,000, after the improvements to the property, and that Delgado had contributed around $50,000 toward those improvements. Delgado moved for reargument, which the Court of Chancery denied. This appeal followed.

(6) Delgado raises three arguments in her opening brief on appeal. First, Delgado contends that the Court of Chancery erred in limiting her interest in the property. Second, Delgado contends that her investment in the property doubled its value and that the Court of Chancery erred in not imposing a constructive trust in her favor to prevent Mosley's unjust enrichment from her investment. Finally, Delgado argues that the Court of Chancery erred in not awarding her attorneys fees.

(7) The Court of Chancery heard the evidence and rejected all of the claims that Delgado argues on appeal. After careful consideration of Delgado's opening brief and the record below, this Court has determined that the judgment of the Court of Chancery should be affirmed on the basis of and for the reasons assigned by the Court of Chancery in its November 22, 2016 post-trial bench ruling and its January 30, 2017 bench ruling denying Delgado's motion for reargument. We find no error or abuse of discretion.

4

NOW, THEREFORE, IT IS ORDERED that judgment of the Court of

Chancery is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice